UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SHELTER PRODUCTS, INC.     CIVIL ACTION NO. 12-cv-2533

VERSUS     JUDGE HICKS

AMERICAN CONSTRUCTION HOTEL CORP., ET AL     MAGISTRATE JUDGE HORNSBY

## MEMORANDUM ORDER

Shelter Products, Inc. filed this civil action based on an assertion of diversity jurisdiction, which places the burden on Shelter to allege facts that show complete diversity of citizenship. Shelter's complaint appears to be lacking in the specificity required to meet its burden.

Shelter identifies itself and American Construction Hotel Corporation as corporations and properly pleads with specificity the state of incorporation and principal place of business for each corporation. The two other defendants, however, are limited liability companies. Shelter recognizes the rule that the citizenship of an LLC is determined by the citizenship of all of its members, Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008), but it does not provide detailed information about those members. Shelter alleges that the members of Cratus Development, LLC "are all domiciled in Arizona." It alleges that the members of Ganga, LLC "are all domiciled in either Louisiana or Texas."

The information provided by Shelter is not sufficiently specific with regard to the members of the LLCs. The members must be identified, and their citizenship must be

alleged in accordance with applicable rules. If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007).

The need for such detail was demonstrated by Mullins v. TestAmerica, Inc., 2008 WL 4888576 (5th Cir. 2008), when the court refused to consider the merits of an appeal until the record distinctly and affirmatively alleged the citizenship of a limited partnership, the citizenship of which is determined by the same rules applicable to an LLC. The Court turned to the merits only after the citizenship had been traced, with specificity, "down the various organizational layers" and in accordance with the rules that apply to the various forms of entities. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009). The Mullins opinions make clear that general allegations that all members or partners are of diverse citizenship from the parties on the other side, without factual specificity, are not sufficient.

This court has seen a number of cases where the parties were confident there was diversity because "all members of the LLC are citizens of" diverse states, but diversity and subject matter jurisdiction unraveled when the court required the parties to allege citizenship in detail. Requiring those allegation early in the case avoids the waste of time and resources that have been seen in cases such as Howery v. Allstate, 243 F.3d 912 (5th Cir. 2001), where Allstate saw a favorable judgment slip away on appeal because it neglected to plead its principal place of business when in district court and Elliot v. Tilton, 62 F.3d 725, 729 (5th

Cir. 1995), where the judgment was vacated on appeal. See also D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124 (1st Cir. 2011) (ordering detailed allegations of citizenship of an LLC).

Shelter may not have access to the citizenship information for the defendants. Parties in the defendants' position ordinarily provide the citizenship information voluntarily, and they are encouraged to do so in this case so that this preliminary issue may be resolved as quickly and efficiently as possible. If the defendants will not provide the information voluntarily, Shelter is granted leave to conduct discovery on the issue. Shelter will be allowed until **February 28, 2013** to file a motion for leave to amend its complaint and set forth the necessary information to establish diversity jurisdiction. Reasonable extensions of time may be requested upon a proper showing. If diversity is demonstrated, the court will promptly set a scheduling conference. If diversity cannot be established, the case will be subject to dismissal without prejudice for lack of subject-matter jurisdiction.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of February, 2013.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE