UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SHELTER PRODUCTS, INC.                        CIVIL ACTION NO. 12-cv-2533

VERSUS

AMERICAN CONSTRUCTION HOTEL           MAGISTRATE JUDGE HORNSBY
CORP., ET AL

**MEMORANDUM RULING**

Ganga, LLC ("Ganga") built a new hotel in Bossier City. The general contractor was American Construction Hotel Corporation ("ACHC"), which subcontracted the framing work to Cratus Development, LLC ("Cratus"). Cratus bought lumber for the job from Shelter Products, Inc. ("Shelter"), but Cratus did not pay for all of the lumber it ordered.

Shelter filed this suit against Cratus, ACHC, and Ganga. Shelter obtained entry of a default against Cratus, and it later dismissed its claim against Ganga. Shelter's claims against ACHC were that ACHC (1) breached a joint check agreement that obligated it to pay Shelter any amounts Cratus did not pay and (2) violated the Louisiana Unfair Trade Practices Act ("LUTPA"). The court granted a motion for summary judgment and dismissed the LUTPA claim.

The only other claim is Shelter's breach of contract claim against ACHC. The parties filed motions for summary judgment on the validity and scope of the joint check agreement. The court granted Shelter's motion "by holding that ACHC is bound as a surety under the

joint check agreement up to the amount of $92,291." Doc. 43. The case was scheduled for trial to resolve any remaining issues and prove up the default against Cratus.

Now before the court is Shelter's Motion for Entry of Judgment Under Rule 54(b) (Doc. 51). Shelter states that its breach of contract claim is the only one left in the case, and entry of a final judgment on the holding that ACHC is bound as a surety under the joint check agreement will avoid forcing Shelter to expend resources preparing for trial. Shelter does not say so directly, but it implies that the case will likely settle if the court's ruling on the surety issue is upheld on appeal.

ACHC agrees that it may be a worthwhile procedural objective to finalize the "legal issue" of its liability and allow an appeal before proceeding to a trial to determine the extent of its liability. It notes that the prior motion practice did not decide whether Shelter actually sold a particular amount of lumber to Cratus, nor did it address any of its claimed credits involving the lumber products that were sold, so it is premature to enter an actual money judgment. Shelter filed a reply and agreed that it seeks entry of judgment only with respect to the court's "legal finding that ACHC is bound as a surety under the joint check agreement." Shelter states that it does not seek entry of a final money judgment on the actual amount of the debt owed by ACHC.

Federal practice ordinarily does not allow entry of final judgment or permit an appeal until all claims have been resolved among all parties. One exception is Federal Rule of Civil Procedure 54(b). It provides that when an action presents more than one claim for relief, or

when multiple parties are involved, the court may direct entry of a final judgment "as to one or more, but fewer than all, claims or parties" if the court determines that there is no just reason for delay. The parties can then appeal that judgment without awaiting resolution of the other claims in the case.

The parties have not addressed the procedural propriety of entering a judgment under Rule 54(b) with respect to the legal determination of ACHC's surety status. Rule 54(b) jurisprudence has many ambiguities and is often confusing, but one fairly settled point is that a judgment under the rule is proper only if the district court has disposed of a claim entirely. The partial adjudication of a claim is not appealable, even if the district court enters a Rule 54(b) certification. Tetra Technologies, Inc. v. Continental Ins. Co., 755 F.3d 222, 228 (5th Cir. 2014). Another point that is clear is that "a district court does not resolve a 'claim' merely by ruling on a threshold legal issue relevant to that claim." Id. at 230. For example, a grant of partial summary judgment limited to the issue of a party's liability, but leaving the assessment of damages to be resolved, does not finally resolve a claim. Liberty Mutual Ins. Co. v. Wetzel, 96 S.Ct. 1202, 1206 (1976).

It appears that a Rule 54(b) certification is not permitted with respect to the preliminary issue of ACHC's status as a surety for the lumber debt, and the parties have not offered any authority to the contrary. Furthermore, multiple appeals are generally to be avoided, and there would be the prospect of that if there was an appeal on the surety issue followed by a trial on the amount of the debt, which could be followed by a second appeal.

There are no apparent and compelling reasons to stop this case just short of what would be a final judgment when the trial on the amount owed, and confirmation of the default against Cratus, should not be particularly burdensome. For these reasons, Shelter's **Motion for Entry of Judgment Under Rule 54(b) (Doc. 51)** is **denied**.

Shelter is free to file a motion for default judgment, supported by any necessary evidence, with respect to its claim against Cratus. It appears that if Shelter and ACHC can stipulate to the amount ACHC owes Shelter under the joint check agreement, that would resolve all remaining claims in full. The parties could then submit a proposed form of a final judgment that resolves the entire case.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of June, 2015.

Mark L. Hornsby
U.S. Magistrate Judge